IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MUAMER MISUT, | § | |
| | § | |
| Plaintiff-Counterdefendant, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-2006-D |
| | § | |
| CURTANA HOLDINGS LLC d/b/a | § | |
| BUY WHOLESALE CABINETS; | § | |
| DUYEN PHAN, individually, and | § | |
| DOES 1-10 INCLUSIVE, | § | |
| | § | |
| Defendants-Counterplaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| NELSON CABINETRY LLC and | § | |
| NKB TX LLC, | § | |
| | § | |
| Counterclaim Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this copyright infringement action, counterclaim defendants Muamer Misut ("Misut"), Nelson Cabinetry LLC ("Nelson Cabinetry"), and NKB TX LLC ("NKB") move under Fed. R. Civ. P. 12(b)(1) to dismiss the counterclaims of counterplaintiffs Duyen Phan ("Phan") and Curtana Holdings LLC ("Curtana"). For the reasons that follow, the court grants the motion and also grants Phan and Curtana leave to replead.

I

Misut is the owner and operator of Nelson Cabinetry and NKB. Nelson Cabinetry and NKB are online retail businesses that sell kitchen cabinets on their websites. Misut holds

copyrights in 15 photographs of cabinets sold through Nelson Cabinetry's website. Phan is the manager of Curtana, which is also an online retail business that sells kitchen cabinets on its website.

In late 2020 Misut or Nelson Cabinetry[1] and Curtana entered into an oral agreement to share warehouse space to store their cabinet inventory. The parties agreed to split the cost of renting the warehouse. According to Phan, the parties also agreed to freely share photographs of their cabinets, along with other resources and information. Misut maintains that the parties agreed to share photographs of the inventory stored at the warehouse, which is different from the copyrighted photographs at issue in this lawsuit.

In May 2022 Misut registered 15 photographs of cabinets with the U.S. Copyright Office. Misut used these copyrighted photographs on Nelson Cabinetry's website. According to Misut, in the middle of 2022, he stopped paying rent to Curtana for the warehouse because the "space became unusable." Misut Decl. (ECF No. 27-1) 3. Misut posits, for example, that Curtana often failed to pay the warehouse's electricity bill. Phan counters that Curtana fulfilled its obligation to pay half of the rent and made the warehouse available to Misut. Curtana ultimately terminated the warehouse lease because of Misut's decision to stop paying his portion of the rent.

In August 2022 Misut discovered that Curtana was using his copyrighted photographs on its website. Phan avers that Curtana was using Misut's photographs pursuant to the

---

[1] It is unclear from the parties' declarations whether Misut and Curtana or Nelson Cabinetry and Curtana entered into the agreement to share the warehouse space.

agreement that the parties reached in 2020.

Misut filed this copyright infringement action against Phan, Curtana, and 10 Doe defendants.  Phan and Curtana, in turn, sued Nelson Cabinetry and NKB, and asserted counterclaims against Misut, Nelson Cabinetry, and NKB for breach of contract, promissory estoppel, and quantum merit arising out of Misut's failure to pay his share of the warehouse rent.  Misut, Nelson Cabinetry, and NKB now move to dismiss under Rule 12(b)(1), contending that the court does not have supplemental jurisdiction over the counterclaims. The court is deciding the motion on the briefs, without oral argument.

II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  If subject matter jurisdiction is lacking, the court must dismiss the suit. *See Stockman*, 138 F.3d at 151.

A party can challenge subject matter jurisdiction by making a facial attack or a factual attack. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981).  A party can make a factual attack on subject matter jurisdiction by submitting evidence, such as affidavits or testimony. *See id.* "[W]hen a factual attack is made upon federal jurisdiction, no presumptive truthfulness attaches to the [party's] jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."

-3-

*Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. Unit A Sept. 1981).  If the movant provides evidence factually attacking subject matter jurisdiction, the nonmovant must submit evidence and prove by a preponderance of the evidence that the court has jurisdiction.  *See Paterson*, 644 F.2d at 523.

III

The parties contest whether the court has supplemental jurisdiction over the breach of contract, promissory estoppel, and quantum merit counterclaims of Phan and Curtana.[2]

A

Courts may exercise supplemental jurisdiction over state-law claims that form part of the "same case or controversy" with a claim over which the court has original jurisdiction. *See* 28 U.S.C. § 1367(a).  "The question under § 1367(a) is whether the supplemental claims are so related to the original claims . . . that they 'derive from a common nucleus of operative fact.'"  *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010) (quoting *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir.2008)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact.").

B

The counterclaims that Phan and Curtana allege are not sufficiently related to the original claim to satisfy § 1367(a).  Phan and Curtana contend that the claims arise out of the

---

[2]The parties do not dispute that this court has jurisdiction over the original claim for copyright infringement under 28 U.S.C. § 1331.

-4-

parties' intertwined business relationship.  But the parties' business relationship does not create a sufficient basis for the exercise of supplemental jurisdiction. *See CheckPoint Fluidic Sys. Int'l, Ltd. v. Guccione*, 2012 WL 195533, at \*6 (E.D. La. Jan. 23, 2012) ("Nor does the ongoing and dispute-ridden relationship between the parties create a sufficient basis for the exercise of supplemental jurisdiction.").  A review of the elements required to prove the copyright infringement claim and the counterclaims shows that these claims do not arise from a common nucleus of operative facts.  *See Insuremax Ins. Agencies, Inc. v. Shanze Enters., Inc.*, 2013 WL 4014476, at \*2 (N.D. Tex. Aug. 7, 2013) (Lynn, J.) (relying on this type of analysis to determine whether the court could exercise supplemental jurisdiction over a counterclaim).  To prevail on his copyright infringement claim, Misut will need to introduce evidence that he possessed a valid copyright, that Phan and Curtana copied Misut's protected work, and that the infringing work is substantially similar to the copyrighted material.  *See Batiste v. Lewis*, 976 F.3d 493, 502 (5th Cir. 2020) ("[A] claim for copyright infringement has three elements: '(1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity.'" (quoting *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007) (per curiam)).  By contrast, the breach of contract, promissory estoppel, and quantum merit claims will turn principally on the promises that the parties made to split the cost of renting the warehouse and the parties' actions related to those promises.  *See Orthoflex, Inc. v. ThermoTek, Inc.*, 983 F.Supp.2d 866, 872 (N.D. Tex. 2013) (Fitzwater, C.J.) (breach of contract); *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983) (promissory estoppel); *Infra-Pak (Dall.), Inc. v. Carlson Stapler & Shippers Supply, Inc.*, 803 F.2d 862, 865 (5th

Cir. 1986) (quantum merit).  Accordingly, Phan and Curtana have failed to establish that the conduct forming the basis of the copyright infringement claim and the counterclaims is so related that they derive from a common nucleus of operative facts.  *See Rolls-Royce Corp. v. Heros, Inc.*, 576 F.Supp.2d 765, 793 (N.D. Tex. 2008) (Fitzwater, C.J.) (declining to exercise supplemental jurisdiction where federal- and state-law claims involved "unrelated issues by reason of the distinct elements of the[] different causes of action").[3]

Phan and Curtana also appear to contend that, because they have asserted an implied license as an affirmative defense to Misut's copyright infringement claim, the copyright infringement claim and the counterclaims arise from a common nucleus of operative facts. There does seem to be some overlap between the implied license defense and the counterclaims.  The parties agree that the rent-sharing agreement, which is at the center of the counterclaims, was made alongside their agreement to permit Curtana to use at least some photographs of the cabinets that belong to Misut.  Moreover, Phan and Curtana maintain that Misut's practice of sharing photographs, along with other resources, under the parties' agreements informs whether there was an implied license to use the copyrighted photographs.

Section 1367, however, "speak[s] only of the relationship between *claims* and contain[s] no reference to the relationship between an affirmative defense and a purported counterclaim." *Ader v. SimonMed Imaging Inc.*, 324 F.Supp.3d 1045, 1051 (D. Ariz. 2018);

---

[3]Nor do Phan and Curtana maintain that there is a causal relationship between the counterclaims and the copyright infringement claim, *i.e.*, that the counterclaims caused the infringing act, or vice versa. *See Insuremax Ins. Agencies, Inc.*, 2013 WL 4014476, at *3.

*see Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012) (explaining that "the existence of a license authorizing the use of copyrighted material is an affirmative defense to an allegation of infringement" regardless of whether "a plaintiff can meet [the] elements" of copyright infringement). Phan and Curtana do not cite any authority that suggests that the court may consider whether the relationship between the affirmative defense and the counterclaims suffices to confer supplemental jurisdiction over the counterclaims. To the contrary, many courts have concluded that the correct inquiry under § 1367 is whether the claims are related, without reference to any affirmative defense raised. *See, e.g.*, *Hill v. Neb. Furniture Mart or TXFM, Inc.*, 2024 WL 3589275, at *5 (E.D. Tex. June 21, 2024), *rec. adopted*, 2024 WL 3585590 (E.D. Tex. July 30, 2024); *Lawrence & Assocs., Inc. v. Amdocs Champaign, Inc.*, 2007 WL 390732, at *3 (E.D. Mo. Jan. 31, 2007); *Castillo v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 496072, at *3 (N.D. Cal. Jan. 30, 2020); *Ensz v. Chase Bank USA NA*, 2019 WL 136982, at *3 (N.D. Iowa Jan. 7, 2019). Because Phan and Curtana have failed to meet their burden to establish that the copyright infringement claim and the counterclaims arise from a common nucleus of operative facts, the court grants the Rule 12(b)(1) motion to dismiss the counterclaims.[4]

---

[4]Because the court concludes that Phan and Curtana have not established that the claims arise from a common nucleus of operative facts, it declines to address the parties' arguments concerning § 1367(c). *See Kiser v. Moyal*, 2024 WL 4229936, at *14 (M.D. La. Sept. 18, 2024) ("[T]he discretionary grounds for declining to exercise supplemental jurisdiction found in § 1367(c) are not relevant until the existence of jurisdiction is established pursuant to § 1367(a) (emphasis omitted)).

IV

Although the court is dismissing Phan and Curtana's counterclaims, it will grant them leave to replead.  *See Shah v. Univ. of Tex. Sw. Med. Sch.*, 54 F.Supp.3d 681, 707 (N.D. Tex. 2014) (Fitzwater, C.J.) ("Because the court's usual practice when granting a motion to dismiss is to permit a plaintiff at least one opportunity to replead, the court will give Shah an opportunity to amend his complaint." (citing *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.)).  They must file an amended answer no later than 21 days after the date this memorandum opinion and order is filed.

\*    \*    \*

For the reasons explained, the court grants the Rule 12(b)(1) motion to dismiss and grants Phan and Curtana leave to replead.

**SO ORDERED**.

March 30, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE